

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:07CR650 |
| | ) | INFORMATION |
| Plaintiff, | ) | CR No. _____ |
| | ) | Title 18, §§ 242 and |
| v. | ) | 1623 |
| | ) | United States Code |
| JERRELL L. BRAY, | ) | JUDGE GAUGHAN |
| | ) | |
| Defendant. | ) | |

The Special Assistant United States Attorney for the Northern District of Ohio charges that:

**INTRODUCTION**

At all times material to this Information:

1. The Drug Enforcement Administration, a component of the United States Department of Justice, was a law enforcement agency of the United States Government charged, pursuant to the provisions of Title 21, United States Code, Section 878, with upholding and enforcing the provisions of the Uniform Controlled Substances Act, Title 21, United States Code, Section 801, et seq.

2. Cocaine and cocaine base, hereinafter referenced as crack cocaine, were listed as Schedule II controlled substances, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4). Distribution of these drugs were criminal violations of Title 21, United States Code, Section 841(a)(1).

3. The defendant, JERRELL L. BRAY, worked, in exchange for payment, as a "confidential source" for the Cleveland, Ohio, resident office of the Drug Enforcement Administration between August 10, 2005, and May 16, 2007. In particular, JERRELL L. BRAY participated in making controlled purchases of cocaine and crack cocaine for the Drug Enforcement Administration in and around the City of Mansfield, Richland County, Ohio, between September 6, 2005 and October 25, 2005.

### COUNTS ONE THROUGH FIVE

On or about the dates listed below in Richland County, in the Northern District of Ohio, the defendant, JERRELL L. BRAY, while acting under color of law, did by engaging in the acts set forth below, each of which constitutes a separate count of this Information, willfully deprive the below referenced individuals, each of whom is known to the Special Assistant United States Attorney, of the right to be free from arrest and seizure without probable cause and the right not to have false evidence knowingly presented against him/her, as is guaranteed by the Fourth and Fifth Amendments to the Constitution and the Laws of the United States:

## COUNT ONE

On September 13, 2005, the defendant, JERRELL L. BRAY, arranged for the purchase of a small quantity of marijuana from J.W. Immediately after the transaction, JERRELL L. BRAY provided a quantity of crack cocaine in addition to the marijuana and represented to law enforcement authorities that the crack cocaine had been sold to him by J.W. and J.P., each of whom was subsequently indicted, arrested and detained for the distribution of said crack cocaine.

## COUNT TWO

On September 20, 2005, JERRELL L. BRAY, arranged for a controlled purchase of cocaine from an alleged drug trafficker. During and subsequent to the deal, JERRELL L. BRAY knowingly mis-identified the drug supplier as being D.N. D.N. was subsequently indicted, arrested, and detained for this distribution of cocaine.

## COUNT THREE

On October 5, 2005, the defendant, JERRELL L. BRAY, enlisted a confederate to arrive at a prearranged controlled drug purchase and to deliver to him and a law enforcement officer a quantity of crack cocaine. The defendant, JERRELL L. BRAY, knowingly, mis-identified his confederate as being R.W., who was

subsequently indicted, arrested, and detained for this distribution of crack cocaine.

### COUNT FOUR

On October 14, 2005, the defendant, JERRELL L. BRAY, arranged for a confederate to arrive at a prearranged controlled drug purchase and deliver to him and a law enforcement officer a quantity of crack cocaine. The defendant, JERRELL L. BRAY, knowingly, mis-identified his confederate as being J.W., who was subsequently indicted, arrested and detained for this distribution of crack cocaine.

### COUNT FIVE

On October 25, 2005, the defendant, JERRELL L. BRAY, arranged for a confederate to arrive at a prearranged controlled drug purchase and to deliver to him and a law enforcement officer a quantity of crack cocaine. The defendant, JERRELL L. BRAY, knowingly mis-identified his confederate as being G.F., who was subsequently indicted, arrested, tried, convicted and sentenced for this distribution of crack cocaine.

All in violation of Title 18, United State Code, Section 242.

## **COUNT SIX**

The Special Assistant United States Attorney further charges:

On or about February 14, 2006, in the City of Cleveland, Cuyahoga County, the defendant, JERRELL L. BRAY, while under oath as a witness in the trial of <u>United States of America v. G.F.</u>, in the United States District Court for the Northern District of Ohio, did knowingly make a false and material declaration in that the defendant did falsely answer a series of questions as follows:

MR. SERRANO (Prosecutor): Your Honor, may we play track number 5, which would be Government's Exhibit transcript number 7?

THE COURT: You may.

(Government's Exhibit 5 was played for the Jury.)

Q. Do you recognize the voices on that recording?

A. Yes.

Q. And who were the speakers there?

A. Me, myself, Agent [L], and the female.

Q. And the female, do you see that person here in the courtroom?

A. Yes.

Q. Could you point her out and identify her for the record?

A. She was over there, sitting over there at the table.

5

        MR. SERRANO: May the record reflect he has identified the defendant?

        THE COURT: The record will so reflect.

. . .

Q.    The person that was in your car, the person that gave the drugs to Special Agent [L] on October the 25th, is there any doubt in your mind who that person is?

A.    No.

Q.    Is that person that you identified here in court?

A.    Yes.

        MR. SERRANO: I have nothing further.

. . .

        The material declaration - that being the identification of G.F. as being the female speaker on Track Five of Government Exhibit 7 and, therefore, the seller of a quantity of crack cocaine - was knowingly false in that the defendant, JERRELL L. BRAY, then and there well knew and believed that G.F. was not the speaker on the tape recording and was neither present at, nor consummated, the subject drug transaction.

        In violation of Title 18, United States Code, Section 1623(a).

## COUNT SEVEN

The Special Assistant United States Attorney further charges:

On or about July 12, 2006, in the City of Cleveland, Cuyahoga County, the defendant, JERRELL L. BRAY, while under oath as a witness in the trial of <u>United States of America v. D.N.</u>, in the United States District Court for the Northern District of Ohio, did knowingly make a false and material declaration in that the defendant did falsely answer a series of questions as follows:

Q.  Now, the individual that we referred to as [D.N.] or that you referred to as [D.N.], did you - did there come a time when you made a buy from [D.N.]? And by that I mean a buy of any illegal drugs.

A.  Yes.

. . .

Q.  Can you tell us how much was actually bought from [D.N.]?

A.  It was supposed to have been a half of kilo.

Q.  And how much were you supposed to pay for the half a kilo?

A.  $10,000.

Q.  And was this money given to you by law enforcement to make the buy?

A.  Yes.

. . .

7

Q.	Now did there come a time when you actually met up with [D.N.]?

A.	Yes, at Platinum Status.

Q.	And how long had you been there before you met up with him?

A.	About 10, 15 minutes.

Q.	Did you go inside the store, or did this occur outside?

A.	I stepped inside for a minute and then I came back out.

Q.	And can you tell us what transpired, what happened?

A.	What, as far as going inside the store or --

Q.	As far as the drug discussions or the drug deal.

A.	Well, he pulled up. We talked about what I was supposed to be purchasing, how much money I had. I showed him the money. The agent that was with me that day walked up, he tried to get a little closer. We discussed how it was going to go down and then we got in my car, we went to the destination.

	Before we can even get there, we had a telephone call where we was supposed to go and what time we was supposed to be there.

. . .

Q.	Okay. Now, you indicated that before that, then you met up at the house on Hill, am I correct?

A.	Yes.

8

Q. When you met up with [D.N.] at the house on Hill, who else was present at that time?

A. [J.B.], and it was a few more people in the house that I didn't really even pay attention to.

Q. When you got to the house on Hill, did you -- were you in the company of the undercover agent still?

A. Yes.

Q. Now, when you arrived at that location, was [D.N.] there already?

A. Yes.

Q. And where did you actually meet up face-to-face with him?

A. On Hill, getting out -- getting out the car. They was just getting out the car.

. . .

Q. Can you tell us what happened inside the house?

A. They broke me off what I had left. We put it on a scale. I put it in my, in my waist and I walked out. And I handed it to the agent when I got outside the house.

Q. And inside the house, inside [D.N.], who else was in there?

A. [J.B.].

. . .

The material declaration - that being the identification of D.N. as being the supplier of a quantity of cocaine - was knowingly false in that the defendant, JERRELL L. BRAY, then and

9

there well knew and believed that D.N. was neither present at, nor consummated, the subject drug transaction.

In violation of Title 18, United States Code, Section 1623(a).

_____
BRUCE J. TEITELBAUM
Special Assistant U.S. Attorney
PA ID No. 32266